EDWARDS v. SOUTHERN RY.

1. RAILROADS—COMPETING LINES.—The act of 1894, 21 St., 812, relating to competing lines of railroad, is not inconsistent with or repealed by the Constitution of 1895, and the complaint herein, under the act of 1897, 22 St., 497, as defined by the act of 1894, states a good cause of action for operating competing lines of railroad.
2. REHEARING refused.

Before TOWNSEND, J., Lexington, October, 1900. Reversed.

Action by Isaac Edwards against Southern Railway. From order dismissing complaint on demurrer, plaintiff appeals.

*Messrs. E. F. Strother* and *R. W. Shand,* for appellant.

*Mr. B. L. Abney,* contra. No arguments gurnished Reporter by either side.

The opinion in this case was filed March 26, 1903, but remittitur held up on petition for rehearing until

May 14, 1903. The opinion of the Court was delivered by

MR. JUSTICE GARY. *Statement of facts.*—This is an action against the defendant for the penalty provided by statute for owning, leasing or operating competing railroad lines within this State.

The appeal herein is from an order sustaining a demurrer to the complaint. The complaint alleges:

"1. That the plaintiff is a resident and citizen of the county of Lexington, in said State.

"2. That the Southern Railway Company is a corporation duly organized under the laws of the State of New Jersey, as this plaintiff is informed and believes, but which, under the provisions of section 8, of article IX., of the Constitution of this State, has become a domestic corporation of this State, and owning and operating several lines of railroad in the State of South Carolina, one of which extends from the city of Columbia, in the county of Richland, in said State, through the county of Lexington and through the town of Batesburg, in said county, to the city of Augusta, in the State of Georgia, known as the Charlotte, Columbia and Augusta Railroad; that the said Southern Railway Company, at the times hereinafter stated, also held by stock ownership or by lease a line of railroad, known as the South Carolina and Georgia Railroad, extending from the city of Columbia to the town of Branchville, in said State, thence from the town of Branchville by and through the town of Blackville, in said State, to the city of Augusta.

"3. That so owning and operating the said two lines of railroad, the defendant, the Southern Railway Company, on or about the 20th day of May, 1899, became the owners by purchase of the stock of all that line of railway running from Allendale, in Barnwell County, by and through the town of Barnwell, and by and through the town of Blackville, in Barnwell, by and through the town of Seivern, in Aiken County, to the town of Batesburg, in Lexington County, which, prior to that time, had been a competing line with the said Southern Railway at two points within the State of South Carolina, to wit: at Blackville, in the county of Barnwell, and at Batesburg, in the county of Lexington; and that the said Southern Railway, so owning the said railroads or holding the same by lease, has continued to operate the same since the said 20th day of May, 1899, within this State and through the said county of Lexington, contrary to the pro-

visions of the act of the General Assembly, approved the 2d day of March, 1897."

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action in the following particulars:

"1. The plaintiff can maintain this action only by virtue of the act of March 2, 1897. This action is confessedly brought under that statute, to which reference is made in paragraph three of the complaint. The complaint, therefore, to be sufficient, must allege all of the facts which bring plaintiff's case within the terms of the statute.

"(A) The defendant railroad company must own, have under lease or operate a railroad or railroad lines *within* this State.

"(B) Such railroad company must also undertake to own, lease or operate another railroad line *within* this State.

"(C) Both of such railroad lines must be *competing lines* with one another."

His Honor, the Circuit Judge, in an order setting forth his reasons at length, sustained the demurrer, from which the plaintiff appealed.

*Opinion.*—The first question to be considered is whether the act of 1894, hereinafter mentioned, was repealed by the Constitution of 1895. The act of 1894 provides that "no corporation, individual or association, or either or both, shall purchase or lease any railroad lying in whole or in part within this State, or any interest therein, or shall operate the same, where such purchaser or lessee already owns, operates or is interested in a line or lines of railroad which, either alone or in conjunction with other connecting railroads lying within or without this State, can compete between any two or more points within this State, and any such purchase, lease or acquisition is hereby declared to be null and void." 21 St., 812.

Section 8, article IX., of the Constitution, is as follows:

"Section 8. The General Assembly shall not grant to any foreign corporation or association a license to build, operate

or lease any railroad in this State; but in all cases where a railroad is to be built or operated, or is now being operated, in this State, and the same shall be partly in this State and partly in another State, or in other States, the owners or projectors thereof shall first become incorporated under the laws of this State; nor shall any foreign corporation or association lease or operate any railroad in this State, or purchase the same or any interest therein. Consolidation of any railroad lines and corporations in this State with others shall be allowed only where the consolidated company shall become a domestic corporation of this State. No general or special law shall ever be passed for the benefit of any foreign corporation operating a railroad under an existing license of this State or under any existing lease, and no grant of any right or privilege and no exemption from any burden shall be made to any such foreign corporation, except upon the condition that the owners or stockholders thereof shall first organize a corporation in this State under the laws thereof, and shall thereafter operate and manage the same and the business thereof under said domestic charter."

The act of 1897 is as follows:

"Section 1. That any railroad company owning, leasing or operating competing railroad lines within this State, in violation of law, shall be subject to a penalty of one hundred dollars for every day that such competing lines are owned, leased or operated, such penalty to be recovered in any court of competent jurisdiction in any county through which either of such competing lines may pass, by any citizen thereof who may sue for the same, one-half of such penalty to go to the party suing therefor and the other half to the State: *Provided,* That the provisions of this act shall be without prejudice to any remedy which the State may be entitled to in its own behalf.

"Section 2. That all acts and parts of acts inconsistent with this act are hereby repealed." 22 St., 492.

Sections 10 and 11, article XVII., of the Constitution, contain the following provisions:

"Section 10. All laws now in force in this State and not repugnant to this Constitution shall remain and be enforced until altered or repealed by the General Assembly, or shall expire by their own limitations.

"Section 11. That no inconvenience may arise from the change in the Constitution of this State, and in order to carry this Constitution into complete operation, it is hereby declared: First. That all laws in force in this State, at the time of the adoption of this Constitution, not inconsistent therewith and constitutional when enacted, shall remain in full force until altered or repealed by the General Assembly or expire of their own limitation. * * * Third. The provisions of all laws which are inconsistent with this Constitution shall cease upon its adoption, except that all laws which are inconsistent with such provisions of this Constitution as require legislation to enforce them shall remain in force until such legislation is had."

The act of 1894 defines what is meant by competing railroads, and we are unable to find any provision in the Constitution with which it is inconsistent. In 1902, the General Assembly passed an act providing: "That the Code as submitted by the Code Commissioner of South Carolina * * * be and the same is hereby declared to be the 'Code of Laws of South Carolina, 1902;' and the said Code is hereby declared to be the only statutory law of the State on the 14th day of January, 1902." The provisions of the act of 1894 are incorporated in section 2056 of the present Code of Laws; and are, therefore, now in force, thus showing that the General Assembly did not think that they had been repealed. The provisions of the act of 1894 could not properly have been included in the Code of Laws unless they formed a part of the statute law, at the time the Code of Laws was declared by the General Assembly to be the only statutory law of the State. Constitution, sec. 5, art. VI.

Having reached these conclusions, the Court is satisfied that, when the act of 1897 is construed in connection with the act of 1894, the complaint states a good cause of action,

and that the Circuit Judge erred in sustaining the demurrer.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.

The petition for rehearing was refused by following *per curiam* order, filed May 24, 1903:

The only ground set forth in the petition for a rehearing, which it is deemed necessary to consider specifically, is that which assigns error on the part of the Court in failing to consider sec. 7, art. IX., of the Constitution. That section is as follows: "No railroad or other transportation company, and no telegraph or other transmitting corporation, or the lessees, purchasers or managers of any such corporation, shall consolidate the stock, property or franchises of such corporation with, or lease or purchase the works or franchises of, or in any way control, any other railroad, or other transportation, telegraph or other transmitting company owning or having under its control a parallel or competing line; and the question whether railroads or other transportation, telegraph or other transmitting companies, are parallel or competing lines, shall, when demanded by the party complainant, be decided by a jury, as in other civil causes." While this section is not mentioned in the opinion, it was, nevertheless, considered by the Court, and the conclusion announced necessarily shows that the Court did not consider that it repealed the act of 1894, mentioned in the opinion.

After careful consideration of the petition, and the Court being satisfied that no material question of law or fact was either overlooked or disregarded,

It is ordered, that the petition be dismissed, and that the order heretofore granted staying the remittitur be revoked.